IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSHUA KEITH HURT                                                    PLAINTIFF

V.                          Case No. 3:24-CV-00002-BSM-BBM

GINA DUNCAN, Nurse                                                   DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I.    BACKGROUND

On January 8, 2024, Plaintiff Joshua Keith Hurt ("Hurt"), a pretrial detainee currently incarcerated in the Greene County Detention Facility, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendant Gina Duncan ("Duncan") violated his constitutional rights. (Doc. 2). Hurt also filed a Notice with the Court. (Doc. 9).

After Hurt demonstrated his eligibility to proceed *in forma pauperis*, the Court conducted an initial screening of the Complaint pursuant to the Prison Litigation Reform

Act ("PLRA") and noted some deficiencies.[1] (Doc. 10). Hurt was given leave to file an Amended Complaint, but he has failed to do so. *Id*. Accordingly, the Court will proceed with screening.

## II.    ALLEGATIONS

Hurt's claims are difficult to decipher. In his Complaint, he asserts that he has another pending case in this judicial district against Sheriff Franks, the Central Intelligence Agency ("CIA"), and the Criminal Investigative Division ("CID") "for implanting Mind Control in [him]." (Doc. 2 at 4). Hurt filed a medical request on December 19, 2023, stating that he was being injured because "they" were "trying to remove evidence with their biomedical 3D printer[.]" *Id*. Duncan, a nurse, responded to Hurt's medical request with "noted." *Id*. Hurt states that he is "at their mercy being hurt on a daily basis and radiology will prove it." *Id*.

In his Notice, Hurt claims that he is "on the world[']s most powerful mind control." (Doc. 9 at 1). He states that the CIA is torturing him with a biomedical 3D printer and altering his face. *Id*. at 1–2. He also claims that he is being wrongfully imprisoned, and he has been at the Greene County Detention Facility for seven months due to a simple

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

possession charge. *Id*. He asserts that "[t]hey" deny his medical requests and will not let him report a crime. *Id*. at 1.

Hurt sues Duncan in her official capacity only. (Doc. 2 at 2). He seeks monetary relief. *Id*. at 5.

## III.    DISCUSSION

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id*. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted).

Liberally construing Hurt's Complaint and Notice, he fails to allege any plausible claim against the named Defendant, Gina Duncan. Accordingly, this Court recommends that his Complaint be dismissed without prejudice.

### A.    Official-Capacity Claims

Hurt sues Duncan in her official capacity only. Although Hurt does not identify Duncan's employer, it is likely that, as a nurse working in a detention facility, Duncan is an employee of a third-party medical provider. Therefore, Hurt's official-capacity claims against Duncan are equivalent to claims against her employer. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975–76 (8th Cir. 1993). To state a claim against the employer, Hurt would have to allege that a policy, custom, or official action of the medical company was the driving force behind the violation of his rights. *De Rossitte v. Correct Care Sols., LLC.*, 22 F.4th 796, 804 (8th Cir. 2022) (citing *Sanders*, 984 F.2d at 976). Hurt has not made any such allegations and, thus, has not pled any plausible official-capacity claims. Accordingly, his Complaint fails to state a claim on which relief may be granted.

### B.    Potential Individual-Capacity Claims

Even assuming Hurt intended to sue Defendant in her individual capacity, his allegations still fail to state a claim for relief. As an initial matter, his claims that he is being injured by a "biomedical 3D printer," tortured by the CIA, and placed under "the world's most powerful mind control" are far-fetched and fanciful. Accordingly, his claims may be dismissed as frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (holding a court may dismiss a claim as frivolous if the allegations are "fanciful," "fantastic," or "delusional") (citations omitted); *see, e.g., Hussein v. William Barr, U.S. Att'y Gen.*, No. 0:19-CV-00292-JRT-HB, 2019 WL 4463402, at *1 (D. Minn. Sept. 18, 2019), *aff'd sub nom. Hussein v. Barr*, No. 19-3083, 2020 WL 1492027 (8th Cir. Jan. 21, 2020) (dismissing claim that CIA officials "caused harm through mind control, drugs, torture, witchcraft, and

software and microchips inserted in his body"); *Sikora v. Houston*, 162 F.3d 1165 (8th Cir. 1998) (unpublished opinion) (affirming dismissal of complaint, as delusional and frivolous, where plaintiff alleged that prison officials used "electro staticmagnetic pressure field devices" to destroy his "mind, confidence, and spirit").

Hurt's vague, conclusory, and fanciful allegations make it difficult to determine the type of claim that he is attempting to assert. *Very* liberally construing the allegations in his Complaint and Notice, the Court believes Hurt may be attempting raise inadequate-medical-care, deliberate-indifference, and false-imprisonment claims.

### 1.    Inadequate Medical Care

The Constitution requires prison officials to provide pretrial detainees and convicted prisoners with adequate medical care. *Hancock v. Arnott*, 39 F.4th 482, 486 (8th Cir. 2022). The Eighth Circuit applies the deliberate-indifference standard to inadequate-medical-care claims raised by pretrial detainees under the Fourteenth Amendment and by convicted prisoners under the Eighth Amendment. *Id*. To plead a plausible inadequate-medical-care claim, there must be facts suggesting: (1) Hurt had an objectively serious need for medical care; and (2) Duncan subjectively knew of, but deliberately disregarded, that serious medical need. *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). As to the second element, deliberate indifference is a high threshold that goes well beyond negligence or gross negligence. *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). To establish deliberate indifference, there must be facts suggesting defendants "recognized that a substantial risk of harm existed *and* knew that their conduct was inappropriate in

light of that risk." *Shipp*, 9 F.4th at 703 (emphasis in the original); *Smith v. Lisenbe*, 73 F.4th 596, 600 (8th Cir. 2023). A mere disagreement with the course of medical care does not rise to the level of a constitutional violation. *Langford*, 614 F.3d at 460; *Barr*, 909 F.3d at 921–22.

Hurt takes issue with Duncan's response to his medical request from December 19, 2023, when he reported an injury due to unidentified individuals "trying to remove evidence with their biomedical 3D printer[.]" (Doc. 2 at 4). Although Hurt does not describe the response that he was hoping to receive to his medical request, he takes issue with Duncan's response of "noted." *Id*. Duncan's decision not to act after receiving Hurt's medical request, standing alone, is not enough to establish deliberate indifference. As stated above, a mere disagreement with the course of medical care does not rise to the level of a constitutional violation. *See Langford*, 614 F.3d at 460; *see also Barr*, 909 F.3d at 921–22.

As presented, Hurt's allegations do not demonstrate that Duncan knew of an objectively serious medical need but deliberately disregarded that need. *See Shipp*, 9 F.4th at 703. In fact, Hurt does not specifically allege why he required medical attention. Thus, he has failed to state a plausible Eighth Amendment claim against Duncan for inadequate medical care.

### 2.    Deliberate Indifference

Hurt alleges that he is being injured by a "biomedical 3D printer" and that unidentified individuals "say" that he has to wait until he is released to report this "crime." (Doc. 2 at 4; Doc. 9 at 1). It appears that Hurt may be attempting to assert a deliberate-indifference claim, which requires facts showing that the defendant knows of and

disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Here, there are no factual allegations indicating that Duncan was aware that Hurt was actually being injured by "biomedical 3D printers" or that she was preventing Hurt from reporting an alleged crime. Hurt's vague allegations related to a crime involving "CIA biomedical 3D printers" fail to present a plausible constitutional claim.

### 3.    False Imprisonment

Hurt also claims that he is being wrongfully imprisoned, and he has been at the Greene County Detention Facility for seven months for a simple possession charge. (Doc. 9 at 1–2). False imprisonment is a state-law claim that is not actionable under § 1983. *King v. Beavers*, 148 F.3d 1031, 1034 (8th Cir. 1998) ("False imprisonment is a state law tort claim. It is not coextensive with the Fourteenth Amendment, which 'protects only against deprivations of liberty accomplished without due process of law.'" (*citing Baker v. McCollan*, 443 U.S. 137, 145 (1979) (internal quotation omitted)). Thus, to the extent that Hurt may be attempting to assert a state-law claim of false imprisonment, that claim would be better addressed in state court. *See* 28 U.S.C. § 1367(c)(3).

## IV.    CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.    Hurt's Complaint, (Doc. 2), be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.

2.     The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

3.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 12th day of November, 2024.

_____
UNITED STATES MAGISTRATE JUDGE